UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GASSAN SAFFAF <br> BROTHERHOOD MOTORS, INC. <br><br> Plaintiff, <br><br> v. <br><br> ALLY FINANCIAL, INC., <br><br> Defendant. | Case No. 4:20-CV-276-SPM |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ally Financial's Motion to Dismiss Plaintiff's Complaint. (Doc. 19). Plaintiffs have filed a response. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 22).

**I.     FACTUAL BACKGROUND[1]**

Plaintiff Gassan Saffaf is the owner and operator of Plaintiff Brotherhood Motors, Inc., an automobile dealer located in Missouri. On December 10, 2018, Saffaf and/or Brotherhood Motors purchased a 2013 Chevrolet Silverado ("the vehicle") from Southwest Auto Plaza. Prior to that sale, in September 2018, Defendant Ally Financial represented, in writing, to the State of Michigan's Secretary of State's office, that Ally had "NO SECURED INTEREST ON RECORD" for the vehicle, and the Certificate of Title was "transferred to the following purchaser(s) and is

---

[1] These facts are taken from Plaintiff's Complaint. (Doc. 1). The facts alleged in the Complaint are treated as true for purposes of evaluating Defendant's motion to dismiss.

free of all previous liens" to Southwest Auto Plaza in Missouri. Compl., at ¶ 12.

On December 11, 2018, Gassan Saffaf and/or Brotherhood Motors sold the vehicle to Jonathan and Rosalyn Livingston of St. Louis, Missouri, for $12,5000 cash. In December or January 2019, the Livingstons applied for and were issued a Missouri Title and License for the vehicle. In January 2020, the Livingstons reapplied for license plates and registration for the vehicle with the Missouri Department of Motor Vehicles. The department refused to issue the license plates and registration, stating that the vehicle had a lien on it and that a repossession title had been applied for and obtained by Defendant Ally Financial, Inc.

Upon receiving this information, the Livingstons confronted Saffaf and Brotherhood Motors, expressing their concerns that Saffaf and Brotherhood Motors had stolen their $12,500 by knowingly selling them a stolen vehicle. They demanded a refund and threatened a lawsuit. Saffaf and Brotherhood contacted the Missouri Department of Motor Vehicles and were informed that Defendant had in fact put a lien on the vehicle and applied for and obtained a repossession title for the vehicle.

In January and February of 2020, Saffaf was informed by three people who had sought to purchase vehicles from Saffaf that they had heard, through word of mouth, that Saffaf and/or Brotherhood Motors had engaged in trickery and deceit and stolen money from their customers by selling stolen vehicles. These people told Saffaf that as a direct result of these allegations, they decided not to purchase luxury vehicles from Saffaf and/or Brotherhood Motors.

Plaintiffs assert two counts against Defendant. In Count I ("Misrepresentation, Fraud, and Deceit"), Plaintiffs allege that Defendant misrepresented that money was owed to it and put a lien on the vehicle long after any loan and been satisfied and they had relinquished any rights to the vehicle. They allege that after putting an unlawful lien on the vehicle, Defendant misrepresented

to the Missouri Department of Motor Vehicles that the requirements for obtaining a repossession title on the vehicle had been met and thereby deceitfully obtained a repossession title. Plaintiffs further allege that Defendant made false representations to the Missouri Department of Motor Vehicles, that Defendant knew the representations were false, that Defendant intended to deceive the Missouri Department of Motor Vehicles in order to unlawfully take possession of the vehicle, that the false representations were material, and that the Missouri Department of Motor Vehicles justifiably relied on the false representations in deciding to issue the repossession title.

In Count II ("Defamation-Slander"), Plaintiffs allege that Defendant caused defamation and slander to Plaintiffs, in that "through word of mouth the allegation spread through the Greater St. Louis region that [Plaintiffs] had, through trickery had stolen money from its customers by selling customers stolen vehicles [with liens and repossession titles issued on them]." Compl., ¶ 33. Plaintiffs allege that as a result of Defendant's illegal, wanton, and deliberate actions, Plaintiffs' reputations have been permanently damaged, Plaintiff Saffaf's occupation is suffering severe financial loss, his estimation in the community has been lowered, and third persons have been deterred from associating or dealing with him. Plaintiffs seek $250,000 in compensatory damages for loss of business proceeds and reputation, as well as punitive damage, costs, and attorney's fees.

Defendant now argues that the claims brought by Plaintiff Brotherhood Motors should be dismissed for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and that all of the claims should be dismissed for failure to state a claim. pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action

based on a lack of subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint "does not need detailed factual allegations" to survive a motion to dismiss, but it must contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss Claims Brought by Brotherhood Motors, Inc., for Lack of Jurisdiction

The Court first considers Defendant's motion, brought pursuant to Rule 12(b)(1), to dismiss the claims brought by Plaintiff Brotherhood Motors, Inc. for lack of jurisdiction. No

counsel has appeared on behalf of Plaintiff Brotherhood Motors, Inc. It is well established that a corporation may not represent itself in federal court and may not be represented by an individual other than licensed counsel. *See, e.g., United States v. Lylalele, Inc.*, 221 F.3d 1345 (8th Cir. 2000) ("[C]orporations and trusts cannot appear in federal court without legal representation."); *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."). Where a corporation is not represented by counsel, dismissal for lack of jurisdiction is the appropriate course of action. *See Divine Home Remodelling LLC v. bioMerieux, Inc.*, No. 4:19-CV-3098-RLW, 2020 WL 1065899, at *2 (E.D. Mo. Mar. 5, 2020) (dismissing claims for lack of jurisdiction under Rule 12(b)(1) where pleadings were purportedly filed on behalf of a corporation by a non-lawyer).

In a prior order, the Court noted that Plaintiff Brotherhood Motors, Inc. has had ample time to retain counsel and has apparently not done so. (Doc. 24). The Court entered an order stating that if no attorney had entered its appearance on behalf of Brotherhood Motors, Inc. by Thursday, May 13, 2021, the Court would dismiss all claims brought by Plaintiff Brotherhood Motors, Inc., without prejudice. As of the date of this Memorandum and Order, no attorney has entered its appearance on behalf of Brotherhood Motors, Inc. Accordingly, Brotherhood Motors, Inc.'s claims will be dismissed, without prejudice.

### B. Defendant's Motion to Dismiss All Claims for Failure to State a Claim

The Court next considers Defendant's motion, brought pursuant to Rule 12(b)(6), to dismiss all of the claims against it for failure to state a claim.

#### 1. Count I: Negligent and Fraudulent Misrepresentation

It is somewhat unclear whether Plaintiff is alleging a claim of fraudulent misrepresentation or a claim of negligent misrepresentation, so the Court will address both possibilities.

Under Missouri law, the elements of a fraudulent misrepresentation claim are "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.,* 322 S.W.3d 112, 131-32 (Mo. 2010). "A plaintiff's failure to establish any one of the essential elements of fraud is fatal to recovery." *Id.* at 132.[2] The elements of a negligent misrepresentation are as follows:  "(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." *Id.* at 134. "A party must prove every element of a claim for negligent misrepresentation for the claim to succeed." *Id.*

Defendant argues that Plaintiffs have failed to state a claim for either fraudulent or negligent representation because they have not alleged that they relied on the alleged misrepresentations. The Court agrees. "Under Missouri law, to succeed on an intentional

---

[2] As Defendant points out, Plaintiff's fraudulent misrepresentation claim must satisfy the heightened pleading rules of Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (8th Cir. 2013). Under Rule 9(b), "In alleging fraud..., a party must state with particularity the circumstances constituting [the] fraud . . . ." Fed. R. Civ. P. 9(b). "This particularity requirement demands a higher degree of notice than that required for other claims." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). To satisfy the particularity requirement of Rule 9(b), the plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Frietas*, 703 F.3d at 439 (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)).

misrepresentation or a negligent misrepresentation claim, the plaintiff must establish that he actually relied on the misrepresentation." *Boles v. U.S. Dept. of Veterans Affairs*, No. No. 4:14–0634–CV–DGK, 2015 WL 4425797, at *2 (W.D. Mo. July 20, 2015). "The test of whether a plaintiff relied upon a misrepresentation is simply whether the representation was a material factor influencing final action." *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 603 (Mo. Ct. App. 2009) (quoting *Grossoehme v. Cordell*, 904 S.W.2d 392, 397 (Mo. Ct. App. 1995)). "Because of the requirement of reliance, a claim of negligent misrepresentation will not be successful where the plaintiff took the action which caused the damage before hearing the alleged misrepresentation or where the plaintiff did not take any action or refrain from taking any action based on the representation." *Williams v. HSBC Bank USA, N.A.*, 467 S.W.3d 836, 845 (Mo. Ct. App. 2015) (internal citations omitted).

Here, the misrepresentations alleged were not actually made to Plaintiffs, but to a third party. Plaintiffs allege that Defendant "misrepresented that money was owed [to Defendant] and put a lien on the vehicle long after that loan had been satisfied, and long after [Defendant] relinquished any and all rights to the vehicle." Compl., ¶ 22. They also allege that Defendant "misrepresented to the Missouri Department of Motor Vehicle that all of the above required criteria [for obtaining a repossession title] had in fact been met, when in fact the criteria had not been met," Compl. ¶ 24. Plaintiffs do not allege that *they* relied on any of these alleged misrepresentations, took any action based on them, or refrained from taking any action based on them. Instead, they allege that "the Missouri Department of Motor Vehicle justifiably relied upon [the misrepresentations] in its decision to issue the repossession title." Compl. ¶ 28. Because Plaintiffs do not allege that they took, or refrained from taking, any action in reliance upon the alleged misrepresentations, they have not stated a claim for fraudulent or negligent misrepresentation. *See*

*Stein*, 284 S.W.3d at 603 (dismissing claims of fraudulent misrepresentation and negligent misrepresentation after finding that "[n]one of the allegations in Plaintiffs' petition set forth facts which, if proven, would establish that *Plaintiffs* took or refrained from taking any action in reliance upon the misrepresentations allegedly made by Defendants to [third parties]") (emphasis in original)).

Essentially, Plaintiffs are asserting their misrepresentation claims based on a theory of third-party reliance—they allege that Defendant made misrepresentations to a third party (the Missouri Department of Motor Vehicles), that the third party relied on those misrepresentations (by issuing the repossession title), and that as a result, Plaintiffs suffered harm. The Court has found no Missouri cases recognizing fraudulent or negligent misrepresentation claims based on a theory of third-party reliance, and such a theory appears to be at odds with the Missouri cases cited above requiring that the *plaintiff* relied on misrepresentations to succeed on a claim based on those misrepresentations. Moreover, the Court's research suggests that the overwhelming majority of courts to have expressly considered claims based on a third-party reliance theory have rejected it. *See, e.g., Scholl v. Ethicon, Inc.*, No. 2:12-CV-00738, 2016 WL 7242552, at *4 (S.D. W. Va. Dec. 14, 2016) ("Virginia law requires proof of reliance by the injured party, as opposed to reliance by a third party, in order to maintain an action for fraud."); *Sevi v. Israel Disc. Bank of New York*, No. 13-21922-CIV, 2014 WL 12861833, at *12 (S.D. Fla. Nov. 24, 2014) ("Plaintiff cites no authority for the proposition that a Florida common law fraud claim can rest on (1) a defendant's alleged misrepresentation to a third party and/or (2) a third party's reliance on a defendant's alleged misrepresentation. Accordingly, Count V is dismissed with prejudice."); *Gorbey ex rel. Maddox v. Am. J. of Obstetrics & Gynecology*, 849 F. Supp. 2d 162, 166 (D. Mass. 2012) ("Plaintiffs here do not allege that they relied or acted upon any alleged misrepresentation but rather that third

parties so relied and acted which, in turn, resulted in plaintiffs' injury. Plaintiffs point to no case, however, and the Court has found none, in support of a theory that third-party reliance on fraud is cognizable under Massachusetts law."); *Alamance Fam. Prac., P.A. v. Lindley*, No. 18 CVS 913, 2018 WL 3871627, at *10 (N.C. Super. Aug. 14, 2018) ("The Court is unaware of any court that currently permits common law fraud claims to be established by third-party reliance. . . . [I]t appears that New York, the jurisdiction most willing to entertain the possibility of third-party reliance claims, has concluded that allegations of third-party reliance cannot establish a claim for common law fraud.").

    2. *Count II: Defamation*

In Count II, Plaintiffs allege that after Defendant misrepresented that money was owed to Defendant, put a lien on the vehicle, and obtained a repossession title, leading the Missouri Department of Motor Vehicles to notify the buyers of the vehicle that a lien and repossession title had been issued on it, "through word of mouth the allegation spread throughout the Greater St. Louis region that Plaintiff Gassan Saffaf, Brotherhood Motors, Inc., had, through trickery and deceit stolen money from its customers by selling customers stolen vehicles (vehicles with liens and repossession titles issued on them)" and had "in essence, committed an indictable criminal offense against" the buyers of the vehicle. Compl. ¶¶ 32-34. Plaintiffs allege that as a result, Plaintiffs' reputation has been damaged and Plaintiffs have suffered severe financial losses because customers have been deterred from buying vehicles from them.

"In order to state a claim for defamation under Missouri law, the plaintiff must allege: '1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation.'" *Stockley*

*v. Joyce*, 963 F.3d 809, 819 (8th Cir. 2020) (quoting *Smith v. Humane Soc'y of U.S.*, 519 S.W.3d 789, 798 (Mo. 2017)).

Defendant argues that Plaintiff has failed to state a claim because the allegedly false statements did not identify Plaintiffs. The Court agrees. "In order to be defamatory, a statement must be clear as to the person addressed." *Castle Rock Remodeling, LLC v. Better Business Bureau of Greater St. Louis, Inc.*, 354 S.W.3d 234, 240 (Mo. Ct. App. 2011). *See also Pape v. Reither*, 918 S.W.2d 376, 382 (Mo. Ct. App. 1996) ("It is well established that for a statement to be defamatory, there can be no confusion as to the identity of the party defamed."). Statements about a matter related to the plaintiff, but not actually about the plaintiff himself, cannot support a defamation claim. *See Chastain v. Kansas City Star*, 50 S.W.3d 286, 289 (Mo. Ct. App. 2001) (dismissing a defamation claim based on the publication of false statements regarding the plaintiff's light rail plan; stating, "the statements are about the plan and the initiative, and not about [plaintiff]. Because the statements were not about [plaintiff], his petition fails to state a claim for defamation.").

Here, as discussed above, the allegedly false statements made by Defendant are that Defendant "misrepresented that money was owed them and put a lien on the vehicle long after that loan had been satisfied, and long after they relinquished any and all rights to the vehicle," Compl., ¶ 22, and "misrepresented to the Missouri Department of Motor Vehicle that all of the above required criteria [for obtaining a repossession title] had in fact been met, when in fact the criteria had not been met," Compl. ¶ 24. These statements are about the vehicle; they are not about Plaintiff Gassan Saffaf or Plaintiff Brotherhood Motors. Because Plaintiffs has not alleged that Defendant made any false statements that identified them, they have failed to state a claim for defamation.

## IV. CONCLUSION

For all of the above reasons, **IT IS HEREBY ORDERED** that Defendant Ally Financial's Motion to Dismiss Plaintiff's Complaint (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' complaint is **DISMISSED**, without prejudice. A separate order of dismissal will accompany this Memorandum and Order.

                                                          SHIRLEY PADMORE MENSAH
                                                          UNITED STATES MAGISTRATE JUDGE

Dated July 22, 2021.